OLMSTED and others *against* LOOMIS and GRAVES.

*Reservation, in grant of a water privilege; adverse enjoyment; equity jurisdiction.*

IN 1802, one Wales, being the owner of lands embracing a mill site on Oriskany creek, on which he had a forge, conveyed to Smith, Loomis and Trowbridge a part of his lands, and the deed contained the following clause: "With the privilege of digging from the head of said race to said land, for the purpose of conveying water sufficient to carry an oil mill; and I, the said Wales, agree that the said Smith, Loomis and Trowbridge shall have the privilege of the water that is not wanted for the forge and two blacksmiths' bellows."

Soon after the conveyance, Smith, Loomis and Trowbridge erected on their land an oil mill, which was supplied with water by the race dug in pursuance of the deed, until 1846 or 1847, when the defendants erected a paper mill in its place. The forge had been removed in 1807, and a paper mill erected on its site (which was owned by the plaintiffs when the bill was filed), the occupants of which, from the time of its erection, claimed and exercised a right of priority in the use of the water, so far as it was necessary for their mill, and that claim was always acquiesced in by the occupants of the oil mill. The plaintiffs alleged, that the defendants, after the erection of their paper mill, deprived them of the water necessary to run their mill when the stream did not afford sufficient water for both mills, and prayed for an injunction.

The defendants insisted, that the reservation of the water in the deed of 1802, was only for the use of the forge and two bellows, and that the plaintiffs had no right to use it for a paper mill. That the reservation was for the use of the particular forge mentioned in the

deed, which having been removed, the right reserved was extinguished.

The Supreme Court held the reservation to be general and perpetual, and that the reference to the forge and bellows was only as a measure of quantity; but dismissed the bill, on the ground that an adequate remedy existed at law.

The Court of Appeals concurred in the construction given by the Supreme Court to the reservation in the deed; *and also held*, that the right of the plaintiffs might be maintained on the ground of adverse enjoyment.

That the case was a proper one for the exercise of equity jurisdiction, and the judgment below was therefore reversed, and the cause remitted, with leave to the plaintiffs to proceed in the court below, by reference or otherwise.

(S. C., 6 Barb. 152; 9 N. Y. 423.)